UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMMANUAL DHAKER, | ) | CASE NO. 1:23-cv-1777 |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| PLATINUM HOLDINGS, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

Before the Court is a Complaint filed by Plaintiff Emmanual Dhakar *pro se.* (Doc. No. 1.) Plaintiff filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) The Court reviews the Complaint in accordance with 28 U.S.C. § 1915(e)(2).

I. **Factual Allegations**

Plaintiff filed this civil rights action against Platinum Holdings, 14315 Milverton LLC, KRI Properties, W. Mona Scott, and Empire Milverton Cleveland LLC (Doc. No. 1 at 2.)[1] Plaintiff's complaint arises from his eviction from an apartment on Milverton Road in Cleveland, Ohio. (Doc. No. 1 at 7-8.) The Complaint alleges that the eviction was carried out in connection with proceedings in the Cuyahoga County Housing Court, Judge Mona Scott presiding. (*Id.*)

Plaintiff claims that he "purchased the apartment building lot 130-14-019, physical address 14315 and 14401 Milverton Road, Cleveland, Ohio 44120." (*Id.* at 7.) The Complaint asserts that the title Plaintiff signed was kept by K.R.I. Properties management company and also recorded the Cleveland and Cuyahoga County recorder's offices. (*Id.*).

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

Because the Complaint expressly refers to the public recorded information the property and transaction related thereto, the Court reviewed the recorded property details on Cuyahoga County's official website. The parcel number pleaded in the Complaint corresponds to the two connected apartment buildings on parcel No. 13014019, with the two Milverton Road addresses as described in the Complaint. However, nowhere in the property records showing past owners does Plaintiff's name appear.[2]

Elsewhere in the Complaint, Plaintiff seems to acknowledge that he lives in one apartment within those Milverton Road apartments at that parcel number. (*See* Doc. No. 1 at 7, 8, 9.) Plaintiff alleges that Defendants "illegally, without investigation" seized his property and removed Plaintiff and his possessions from that apartment. (*Id.* at 4). He claims that someone placed a sticker on his apartment door stating that he "would be evicted," his locks were changed, the Cuyahoga County Sheriff's Office forced him to leave his apartment, and "they" illegally confiscated his furnishings and "threw them out on the street." According to Plaintiff, he has not been able to re-enter his home. (*Id.* at 9).

In terms of relief, Plaintiff is "asking the Court for a thorough investigation into why no one knows I own the building, and a thorough investigation in where my title and deed are, and most important and first a[n] investigation into all of the records of all of the Defendants' records of my title and deed and also if possible all records of every title and deed held by these defendants." (Doc. No. 1 at 9.)

## II.     Law and Analysis

---

[2] *See* https://myplace.cuyahogacounty.gov/ (last visited June 25, 2024); *see also* https://cuyahoga.oh.publicsearch.us/results?department=RP&parcel=130-15-019&searchType=advancedSearch (last visited June 25, 2024).

A.      **Standard of Review**

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 914 (6th Cir. 2017); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The sufficiency of the complaint is tested against the notice pleading requirement that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this standard is a liberal one, a complaint must still provide the defendant with "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true," to state a plausible claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

The concept of facial plausibility "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery

will reveal evidence [of liability]." *Twombly*, 550 U.S. at 556. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). As such, the court will not permit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Id.* at 778 (citations omitted).

If a plaintiff pleads facts that reveal a flaw in the claim or substantiate a defense, they may plead themself out of federal court. In other words, "sometimes the allegations in the complaint affirmatively show that the claim is [deficient or disallowed as a matter of law]. When that is the case . . . dismissing the claim under Rule 12(b)(6) is appropriate." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012); *see also Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) ("A complainant can plead himself out of court by including factual allegations that establish that the plaintiff is not entitled to relief as a matter of law.").

  **B.**  **Interference with State Court Eviction Proceedings**

The status of Plaintiff's eviction proceedings is not clear from the face of the complaint. To the extent Plaintiff is asking the Court to interfere with an eviction proceeding, the Court must abstain from hearing challenges to these state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When an individual is the subject of an ongoing state action involving important state matters, he cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state defendant files such a case, the *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*; *see*

*also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). "The Court subsequently recognized in *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975), that the principles expressed in *Younger* with regard to pending criminal proceedings apply with equal force to certain ongoing state civil proceedings." *Watts v. Burkhart*, 854 F.2d 839, 844 (6th Cir. 1988).

Based on these principles, abstention is appropriate where: (1) the state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford the plaintiff with an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Abstention is mandated where federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

Regarding the third requirement of *Younger*, the relevant inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The plaintiff bears the burden of demonstrating that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil Co.*, 481 U.S. at 15; *see also Szarell v. Summit Cty. Ct. of Common Pleas*, No. 5:18-cv-2975, 2019 U.S. Dist. LEXIS 142061, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (the third factor of the *Younger* abstention was satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

Eviction proceedings pending in a municipal court implicate important state interests.
Federal courts regularly decline to interfere with state court eviction proceedings. *See, e.g.,*

*Leonard v. Montgomery*, No. 2:22-cv-4502, 2023 WL 1070246, at *2 (S.D. Ohio Jan. 27, 2023) ("Time and again, courts have held that eviction proceedings pending in a state court implicate important state interests."); *Dudley v. Michalak*, No. 3:08-cv-128, 2008 U.S. Dist. LEXIS 21470, 2008 WL 750554, at *1 (N.D. Ohio Mar. 19, 2008) (applying the *Younger* doctrine and abstaining from an eviction action in Toledo Municipal Court); *Baldridge v. Indep. Apartments*, No. 16-2293, 2016 U.S. Dist. LEXIS 98092, 2016 WL 11479289, at *6 (W.D. Tenn. July 6, 2016), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 97227, 2016 WL 4006122 (W.D. Tenn. July 26, 2016).

There is no suggestion in the Complaint that any purported claim in this federal lawsuit is barred in the state action. If this Court were to undertake the "investigation" requested by Plaintiff into the propriety of Plaintiff's deeds or an evicting landlord's deeds, that would unduly interfere with state court proceedings. Therefore, even assuming Plaintiff had pleaded a conceivable federal claim, this Court must abstain from hearing Plaintiff's claims to the extent they are still pending in state court.

To the extent the state-court eviction proceedings are no longer pending and Plaintiff's complaint constitutes an appeal of a judgment entered in the state court in the hopes of obtaining a reversal of that judgment, this is not the proper court in which to pursue that relief. "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive [of] the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990) (quoting *Pennzoil Co.*, 481 U.S. at 25)), *amended on other grounds*, 243 F.3d 234 (6th Cir. 2001).

**III.** **Conclusion**

Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is GRANTED. For the reasons stated herein, Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. §1915(e). The Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

Date: July 2, 2024

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE